# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1547 HEA/TIA |
| | ) | |
| JEAN ANN JOHNSON, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters and for rulings on non-dispositive matters. Having reviewed the case, the undersigned recommends that the petition be dismissed.

### Background

Petitioner is serving a twenty-four year prison sentence as a result of pleading guilty to sale of a controlled substance, criminal possession of a weapon, second-degree drug-trafficking, possession of a controlled substance, and misdemeanor possession of drug paraphernalia. At the time of sentencing, petitioner was found to

be a prior and persistent offender. Petitioner did not file a direct appeal from his sentence.

Petitioner filed a Rule 24.035 motion in the state court, which was denied after an evidentiary hearing. On appeal from the denial of post-conviction relief, petitioner claimed that he was denied effective assistance of counsel because counsel failed to advise him as to the effect his status as a prior and persistent offender would have on the time he would be required to serve before becoming eligible for parole, that counsel induced him to plead guilty by promising him that he would be released after a 120-day drug treatment program, and that counsel induced him to plead guilty by promising him that he would receive no more than seven-year sentences running concurrently. The Missouri Court of Appeals affirmed the denial of post-conviction relief.

Petitioner is incarcerated at Western Missouri Correctional Center ("WMCC"). Jean Ann Johnson is currently the warden at WMCC, and the Court will order the Clerk to substitute Jean Ann Johnson as respondent in this action.

**Ground for Relief**

Petitioner claims that his plea counsel was ineffective for failing to advise him that his status as a prior and persistent offender would affect the amount of prison time he would be required to serve. Although it is unclear from the manner in which the petition is drafted, petitioner clarified during his evidentiary hearing that this claim is

about the percentage of his sentence he would be required to serve before becoming eligible for parole.[1]

**Standard**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if

---

[1] Under Missouri law, defendants deemed to be "prior and persistent offenders" must serve certain percentages of their prison sentences before becoming eligible for parole. Mo. Rev. Stat. § 558.019. The percentage depends on the number of prior convictions the defendant has. Id.

it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**Discussion**

"To prevail on a claim of ineffective assistance of counsel where there has been a guilty plea, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). To demonstrate Strickland prejudice based on counsel's incorrect advice regarding parole eligibility, a petitioner must "allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial." Hill, 474 U.S. at 60.

Petitioner did not allege in his petition that, had counsel correctly advised him that his status as a prior and persistent offender would effect his parole eligibility date,

-4-

he would have pled not guilty and insisted on going to trial. Without this allegation, petitioner has failed to demonstrate prejudice. Id. As a result, the petition fails to state a claim upon which relief can be granted.

Moreover, the decision of the Missouri Court of Appeals was entirely consistent with clearly established federal law. The court addressed this claim on the merits and found that "eligibility for parole is considered a collateral consequence of the plea, and therefore, such information is not required for [petitioner's] plea to be voluntary or intelligent." Resp. Exh. F at 4. Under federal law, an accused need only be informed of the direct consequences of pleading guilty. George v. Black, 732 F.2d 108, 110 (8th Cir. 1984). "It is not necessary to attempt to inform the defendant of all the indirect or collateral consequences." Id. In Hill, the Court stated that the Constitution does not require a "State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary." 474 U.S. at 56. As a result, petitioner is not entitled to habeas relief.

Finally, respondent reads the petition as raising three other grounds for relief, in which petitioner attempts to attack the proceedings wherein he was found to be a prior and persistent offender. The undersigned does not read these allegations to be separate grounds for relief; these allegations appear to be made in petitioner's attempt to bolster his ineffective assistance of counsel claim. Even if these were separate grounds for

relief, however, the petition must still be denied. These allegations were never presented to the state courts; so they are procedurally barred. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003). Additionally, these allegations pertain to violations of state law; so they are not cognizable in federal habeas corpus proceedings. E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997).

## Conclusion

For these reasons, the undersigned recommends that the petition be dismissed without further proceedings. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right. As a result, the undersigned further recommends that no certificate of appealability issue. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall substitute Jean Ann Johnson for Larry Crawford as respondent in this action.

**IT IS HEREBY RECOMMENDED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without further proceedings.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue. 28 U.S.C. § 2253.

The parties are advised that they have fourteen (14) days to file written objections to this Report and Recommendation. Fail to timely file objections may

result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this <u>  8th  </u> day of <u>July</u>, 2010.

<u>          /s/ Terry I. Adelman          </u><br>
UNITED STATES MAGISTRATE JUDGE